## No. 8877.

### STATE OF LOUISIANA VS. WALDEMAR BILLE.

When the ruling of the trial court striking from the record a plea of *autrefois convict* has been held to have been erroneous, we cannot consider the merits of the plea which have never been passed on below, but are compelled to reverse the judgment and remand the case to be proceeded with under the reinstated plea.

APPEAL from the Criminal District Court for the Parish of Orleans. *Luzenberg,* J.

*J. C. Egan,* Attorney General, for the State, Appellee.

*W. R. Whitaker* for Defendant and Appellant.

The opinion of the Court was delivered by

POCHÉ, J. Having been convicted of publishing as true a forged promissory note, under a charge of forging, uttering and publishing as true, etc., the defendant appeals from a sentence of ten years' hard labor, and seeks relief under alleged errors of the District Judge in illegally disposing of his plea of *autrefois acquit* and *autrefois convict,* and of his refusal of a new trial.

1. The plea was predicated upon the following facts and incidents :

Under a similar charge the accused had been previously tried in Section "A" of the Criminal District Court, where he had been found guilty under the second count of the information.

After his conviction and before sentence the court, on its own motion, ordered an arrest of judgment to be entered, and discharged the accused without day. Ten days later the minutes of the court were amended so as to show that the arrest of judgment had been ordered for the reason that the cause had not been allotted to Section "A," in which the trial had taken place. On the day that the accused was discharged in that Section, an information was presented against him for the same offense and was allotted to Section "B," where he was tried, convicted and sentenced.

His plea of *autrefois acquit* and *autrefois convict* urged that, on his trial for the identical offense in Section "A," he had been acquitted

of the offense charged in the first count of the information, and that he had been lawfully convicted of the offense charged in the second count. The plea was met by the State with a motion to strike it from the record, for the reasons that it did not set forth in full the former information and conviction, that it was a double plea, that it was not sworn to, that it did not show the identity of the prisoner, or show that the court which tried the case had jurisdiction of the same.

This motion prevailed and the plea was stricken out. That ruling is erroneous.

No law requires that the plea should be supported by an oath; it is clear that the identity of the accused could have been proven under the averment.

The allegation that he had been *lawfully* convicted was broad enough to admit proof of the jurisdiction of the court by which he had been tried.

Section 1065 of the Revised Statutes provides that: "In every plea of *autrefois convict* or *autrefois acquit*, it shall be sufficient for any defendant to state that he has been lawfully convicted or acquitted (as the case may be) of the said offense charged in the indictment."

No other formalities are prescribed by our law; none should have been required. As the accused claimed to have been acquitted of the offense charge in the first count and convicted of the offence charged in the second, his plea was not defective because he alleged both *autrefois acquit* and *autrefois convict*.

Hence, we conclude that the motion to strike out should have been overruled, and that the plea should have been considered. But, in our opinion, the plea should have been overruled on its merits, and the accused has therefore received no practical injury through the erroneous ruling of the court. Defendant's counsel earnestly contends that the trial in Section "A" was regular, legal and final, and that it was, in every respect, sufficient in law to sustain his plea. He contends that the jurisdiction of the first trial court is shown by an entry in its minutes in these words: "Apportioned by lot to Section 'A' of this Court," and he argues that, under such showing, the order in arrest of judgment, and discharging the accused, had operated a final disposition of the cause, without any showing of record that the case had not been regularly alloted to that court.

But, in thus reasoning, counsel entirely loses sight of the well established right of the court to amend its minutes, in any case, at any time, even after an appeal has been completed and is pending before this Court, so as to make them conform with the truth as it occurred.

This doctrine, consecrated through a mass of recent decisions, is now a conspicuous rule of our criminal jurisprudence.

The amended minutes of the court are unmistakable proof that the case had not been allotted to that court, and that therefore it had no jurisdiction to try the case. Had the court pursued a different course, and passed sentence on the convict, its judgment would have been reversed on appeal, the verdict would have been set aside, and the cause would have been remanded for further proceedings according to law. State vs. Adotto, 34 An. 1.

Had the want of jurisdiction of the court been brought to the attention of the Judge by the accused, through a motion in arrest, his plain duty would have been to sustain the motion, and it is conceded by defendant's counsel that, under such a showing, his plea would have no force. But he contends that the case is different when the arrest of judgment is ordered by the court, on its own motion, and he relies on Article 5 of the Constitution, which provides as follows:

" Nor shall any person be twice put in jeopardy of life or liberty for the same offense, except on his application for a new trial, or where there is a mistrial, or a motion in arrest of judgment is sustained."

We must confess that the difference of the effect between an arrest of judgment ordered by the court on its own motion, and an arrest sustained on the motion of the accused, is not easily discerned, and is too subtle for our comprehension. We understand the following rule to be not only supported by reason and law, but as firmly sanctioned in criminal jurisprudence:

To sustain the plea of *autrefois acquit* or *autrefois convict*, the trial invoked as the basis of the plea must have been legal, regular and final, and before a court of competent jurisdiction. State vs. Hornsby, 8 R. 583; State vs. Ritchie, 3 An. 715; State vs. Walters, 16 An. 401; State vs. Taylor, 34 An. 780.

" If the court had no jurisdiction, * * the conviction will be treated as a nullity;" and "the person convicted may be lawfully tried precisely as if no such proceeding had ever taken place." Waterman's Digest, p. 227, Secs. 45, 46.

Hence, we conclude that the defendant is entitled to no relief under his plea of *autrefois acquit* and *auth efois convict*.

2. His motion for a new trial urged the following errors:

" *First*, because there was no evidence adduced upon the trial showing that the paper alleged to have been forged and altered, was in fact a promissory note; that it was necessary to establish by proof the allegation that said paper was a promissory note, to entitle the State, on proof of uttering, to a verdict against the defendant; that it was

not shown that said paper contained any statement of value received, or any statement amounting in substance to that, and that without some proof of the existence of such statement in the body of the paper, it could not be regarded by the jury as a promissory note and the subject of the offense charged.

"*Second,* because in this particular, the verdict was contrary to the charge of the court, the court having instructed the jury that to entitle the State to a verdict, it was necessary that it should have been proven that a forged promissory note was uttered by the defendant.

"*Third,* because there was no evidence before the jury, showing that the paper alleged to have been forged and uttered was in the slightest degree calculated by its appearance, in the matter of handwriting or otherwise, to deceive any one as the writing of Duncan Sinclair, forgery of whose signature was made the basis of both counts of the indictment here, and without such proof a verdict of guilty could not be justified.

"*Fourth,* because in these respects, and generally, the verdict herein upon the second count was contrary to law and the evidence in the case."

The mere reading of these alleged errors shows that they involve questions of fact exclusively, and hence we have neither the power nor the means of examining them.

The defendant had taken another bill of exceptions, which he does not now mention in his brief, and which presents no substantial matters of defense.

Judgment affirmed.

---

ON REHEARING.

FENNER, J.  We are compelled to admit our error in proceeding to pass upon the merits of the plea of *autrefois convict,* after reversing the ruling of the lower court striking the plea from the record.

The grounds of the motion to strike out were exclusively formal, and did not, in any manner, involve the merits of the plea, which had never been passed on by the lower court.

Upon the overruling of the motion to strike out, which we hold should have been done, the State would be bound to demur, if admitting the facts the plea would be insufficient in law, or to put the plea at issue.  The issues thus made should be passed on by the trial court before they can become proper subjects of our appellate cognizance. The demurrer, of course, would be passed on by the Judge; but if the plea went to trial on issue to the merits, such issue, being one of mixed fact and law, would be triable by jury.

We cannot assume original jurisdiction of these questions, but must abide the action thereon of the trial court, whose rulings, when made, will be reviewable on appeal.

Had not the counsel for defendant, in his original brief, devoted much of his argument to showing that his plea had merit and that he had been, therefore, damaged by the failure to consider it, we should not have been led into this error; but, nevertheless, the interests of sound jurisprudence require its correction.

It is, therefore, ordered that our former decree herein be annulled and set aside, and it is now ordered that the judgment and sentence appealed from be reversed, and the case be remanded to the lower court, to be there proceeded with according to law.